## HOLLAND et ux. v. SPURRIER LUMBER CO.

No. 11508—Opinion Filed Sept. 16, 1924.

### 1. Mechanics' Liens—Statutes Controlling— Effect of Amendment Prior to Action to Enforce Lien.

A contract made to furnish materials to erect a building, and filing lien claim, after the adoption of the Revised Laws of 1910, and prior to the legislative session of 1909, are controlled by section 3862, Rev. Laws 1910; and the amendatory act of 1919 does not apply, although the suit upon the contract and to enforce the lien was not brought until after the amendatory act of 1919 went into effect.

### 2. Same—Time of Furnishing Material — Burden of Proof.

Where, in an action to foreclose a materialman's lien, the question of whether or not the last item of materials was furnished within four months next before filing the lien claim is put in issue by the pleadings, the burden is upon the plaintiff to prove that the last item of materials furnished was delivered for the purpose of being used in erecting or repairing the building on which the lien is claimed, within four months next before the lien claim is filed.

### 3. Same — Reversal of Judgment of Foreclosure.

Record examined, and held, that the judgment is not supported by the evidence; and held, that the judgment should be reversed, with directions to grant the defendants a new trial.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Action by Spurrier Lumber Company against G. M. Holland and Mrs. G. M. Holland, upon a materialman's account and for foreclosure of materialman's lien. Judgment for plaintiff against G. M. Holland and for foreclosure of the lien. Defendants appeal. Reversed.

Edwin R. McNeill, for plaintiff in error.

John Adams, for defendant in error.

Opinion by SHACKELFORD, C. For convenience the parties will be referred to herein as plaintiff and defendants as the appeared in the trial court.

The plaintiff, Spurrier Lumber Company, filed its action in the district court of Pawnee county, on the 14th of June, 1919, against G. M. Holland and Mrs. G. M. Holland, his wife, and V. L. Horn. The suit is brought upon an account for material furnished under contract, to erect a building on lot 16 in block 6 in the town of Quay, Okla., and for foreclosure of materialman's lien under section 3862, Rev. Laws 1910. It is alleged in the petition that the contract to furnish the material was entered into with defendant G. M. Holland on the 12th of November, 1917, and that material was furnished at different times up to and including June 15, 1918, when the last of the materials were furnished; that the amount furnished was of the value of $994.67, and that payments had been made thereon until the account was reduced to the sum of $433.92; that

for the purpose of creating a materialman's lien on the property described, plaintiff filed a verified lien statement in the office of the court clerk in the county where the property is located, within four months after the last item of material was furnished, and after filing the lien the sum of $50 was paid and the account reduced to the amount of $383.92; that by virtue of filing the lien statement a lien was created on the said property, and judgment and foreclosure is sought for the balance due, and for the sum of $75 for attorney's fee; a copy of the lien statement is attached to the petition and made a part thereof, and shows to have been filed on the 19th of September, 1918. The defendants G. M. Holland and Mrs. G. M. Holland answered by general denial, and by affirmatively pleading that the lien statement was not filed within four months after the last item of material was furnished, and invoked the four months' limitation as a bar to the lien claim. The answer was verified by one of the defendants. The plaintiff replied to the answer by general denial. No appearance was made by defendant V. L. Horn, who seems to have been made a party because he was the tenant in possession of the property at the time the suit was filed.

The cause was called for trial on the 12th of December, 1919. At the close of the evidence judgment was entered for plaintiff in the sum of $289.58 against G. M. Holland, and an attorney fee fixed at $50; and the lien claim sustained and foreclosure ordered. After a motion for a new trial was filed the court ordered a remittitur in the sum of $33.75, and the judgment was reduced to $255.85; and the motion for a new trial was overruled and an appeal is prosecuted by the defendants.

The first proposition urged by the defendants for reversal of the judgment is that an objection was interposed to the taking of any evidence for the reason that the court had no jurisdiction to try the action, which objection was overruled.

It cannot be doubted that the petition stated a cause of action on account of material furnished by plaintiff to the defendants on contract, and for foreclosure of the lien. On the face of the pleadings we are unable to see how the question of jurisdiction could be raised by an objection to the taking of testimony in support of the petition. It is not contended that the district court is not clothed with jurisdiction to try the class of cases to which this case belongs. The question raised by the objection was, in effect, whether or not the plaintiffs' petition stated a cause of action. It is claimed that by the

general denial in the answer the defendants denied being the owners of the property at the time the contract for the material was made, and under the lien law as it existed at the time of the trial, no lien upon the property could be created. The plaintiff had alleged ownership in the defendants; and by answer this was denied, not specifically, but by the general denial. The pleadings made an issue of fact as to the ownership of the property, and we are unable to see how the trial judge was to determine the matter in the absence of any evidence. The statute relied upon by the defendants is section 3862, Rev. Laws 1910, as amended by the Legislature in the regular session of 1919. This section of the lien statutes was amended by providing therein that:

"No lien shall attach to either land or the improvements without the written consent of the person in whom said record title is fixed and no court shall hereafter have jurisdiction to hear and determine any suit to foreclose such lien unless such assent or a certified copy of same is attached to the petition to foreclose."

The contention is made that since no such written consent or certified copy thereof was attached to the plaintiff's petition, and the ownership was in issue by the general denial, the petition did not state a cause of action so as to give the court jurisdiction to hear and determine the lien claim. We cannot agree with this contention for two reasons. The first is that plaintiff's petition alleged that defendants were the owners of the property, and this allegation was put in issue by the general denial, presenting a question of fact to be determined according to the evidence. The second is that this provision of the statute was not in existence at the time the relationship of these parties arose. The contract for the material seems to have been made in the latter part of 1917. It is alleged that the last item of material was furnished on June 15, 1918. This amendment to section 3862 was enacted by the legislative session of 1919. The law in effect at the time the contract was made did not require the written consent of the land owner. There can be no question but that the law in effect at the time the contract was made would be controlling. The contract was made under the statute as it existed prior to the enactment upon which the defendants rely. The pleading was sufficient under the statute as it existed at the time the contract was made. The lien law is not a mere procedure act. It provides a means for creating a lien as well as a means of foreclosure to enforce a lien. The trial court did not err in overruling the objec-

tion to the introduction of evidence by the plaintiff. If the question was ever raised afterwards in the trial, it is not disclosed by this record so far as we have been able to discover.

The other questions argued in the brief are questions of the sufficiency of the evidence to support the findings and judgment of the court; and errors of law occurring during the course of the trial. The evidence tended to show that at the time the contact for the material was made by G. M. Holland, his wife, Mrs. G. M. Holland, was the equitable owner, or at least had an equitable interest in the lot described, and was in possession of the property, and that G. M. Holland was acting in the matter for his wife; and materials were furnished to G. M. Holland by plaintiff and used in the erection of a building upon the lot. As to the matter of the ownership of the property and the contract for materials, perhaps the proof was sufficient. As to the question of material that went into the building upon which the plaintiff sought to create a lien, there is a grave doubt about the testimony. The testimony shows that at the time of the erection of the particular building on which the lien is claimed. G. M. Holland was building other buildings and plaintiff was furnishing some of the materials for those; and the testimony as to what materials went into this building is in hopeless conflict. Were it not for some other things that will hereinafter appear, we would be inclined to resolve the doubt in favor of the judgment and let it stand; but upon the record presented the judgment cannot be permitted to stand. Upon the question of whether the lien was created upon the property, the record shows that the erection of the building was commenced in November, 1917, and that the building was under course of construction for three weeks or a month, but not entirely completed; and the Holland family moved into the house in December, 1917; and the building was completed in January or February, 1918, except screening in a porch. Holland himself testified that the last item furnished was screen wire, and that was furnished on May 17, 1918. If that was true and the wire was used on the porch and not paid for, a lien claim filed on the 19th of September, 1918, would not be within four months as prescribed by the lien statute. The filing of the lien claim would be at least two days beyond the four month's lim-

itation. The proof offered on the part of the plaintiff was that the books of the company showed that the last charge made against G. M. Holland was on the 15th of June, 1918. The items on the charge are for lumber, and there is an utter lack of proof that the lumber included in the item was delivered upon the lot described, or that the lumber had been used in the building. The latest account of work done upon the house was in March, 1918, except screening in the porch. We think it was incumbent upon the plaintiff to prove in some way that the material was furnished for the erection or repair of the defendants' building or was used for that purpose in the building. The proof of the item of charge against the defendant was not enough in view of the fact that plaintiff was furnishing the defendant lumber to build other houses. The burden was upon the plaintiff to show that the material was furnished for the erection or repair of the building on which the lien is claimed, or that it was used for that purpose. Not only that, but the burden was on the plaintiff to show that the last item was delivered for the purpose named within four months next before filing the lien claim. There is an utter lack of proof that this bill of lumber was ever delivered to the defendant Holland, when under the lien law it was necessary to prove the delivery for the purpose of being used in the erection or repair of the building on which the lien is claimed, and that the delivery was made within four months next before filing the lien claim.

During the course of the trial it seems that proof was offered of certain payments on the material account with which the defendants had not been credited. The court refused to consider the proof for the reason that the payments had not been pleaded. The defendants thereupon asked leave of the court to amend their answer so as to plead the payments to correspond with the evidence of payment. The court refused to permit the amendment, or to treat the answer as amended. This is an equity proceeding, and in furtherance of justice we think that the amendment should have been allowed.

Because of the matters heretofore pointed out, the judgment of the trial court should be reversed, with directions to grant the defendants a new trial in a manner not inconsistent with this opinion.

By the Court: It is so ordered.